

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 7, 1995

Honorable David Sibley
Chair
Economic Development Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-351

Re: Whether legislation changing two of thirty-one senatorial districts constitutes an "apportionment" under article III, section 3 of the Texas Constitution (RQ-785)

Dear Senator Sibley:

You ask the following questions about article III, section 3 of the Texas Constitution:

> 1. If the legislature makes changes to only two of thirty-one senate districts, will the bill be considered as a general apportionment which would necessitate the election of a new senate at the next election?

> 2. If the legislature makes changes to more than two but not all of the current senate districts, would the changes necessitate the election of the whole new senate or only the senate districts with changes?

> 3. Does the extent of the changes to senate districts affect the answer to the preceding questions?[1]

Article III, section 3 provides in pertinent part:

> The Senators shall be chosen by the qualified electors for the term of four years; but a new Senate shall be chosen after every apportionment, and the Senators elected after each apportionment shall be divided by lot into two classes. The seats of the Senators of the first class shall be vacated at the expiration of the first two years,

---

[1]You ask only about the effect of redistricting legislation enacted by the legislature. You do not ask about the effect of court-ordered redistricting, nor do we address it.

and those of the second class at the expiration of four years, so that
one half of the Senators shall be chosen biennially thereafter.

Article III, section 2 of the Texas Constitution requires that the senate be composed of no more and no less than thirty-one members. Tex. Const. art. III, § 2 ("The Senate shall consist of thirty-one members, and shall never be increased above this number.") Section 28 of article III requires the legislature to "apportion the state into senatorial and representative districts" at its first regular session after the publication of each United States decennial census.

In essence you ask whether legislation reconfiguring two senatorial districts would constitute an "apportionment" under section 3 of article III, thus requiring the election of a new senate, that is, elections in all thirty-one senatorial districts, or if it would constitute something less or different. We have been able to locate absolutely no case law on this subject, and it does not appear that such legislation has ever been considered or reviewed by the courts. There is, however, a relatively recent attorney general opinion answering an almost identical question on the subject. In Attorney General Opinion M-349 (1969), this office was asked to consider whether legislation proposed in 1969, which would have made changes in two of the thirty-one senatorial districts but which would not have become effective until January 1972, would have constituted general apportionment, thus requiring all members of the senate to run at the next election.

Noting that historically there had been no firm distinctions made between apportionment and districting in this state and that senatorial redistricting had consistently been recognized as apportionment, this office concluded that the bill reconfiguring two senatorial districts would constitute "apportionment" as that term is used in article III, section 3. Attorney General Opinion M-349 (1969) at 2-3. The opinion concluded that although the proposed legislation would not constitute an apportionment prior to its effective date, it would constitute

> a general reapportionment after its effective date so as to require the election of a new Senate at that time. [The proposed legislation], if finally enacted into law, upon reaching its effective date, would be an apportionment at that time and would, therefore, in accordance with Article III of Section 3 [sic] of the Constitution of Texas, require the election of a new Senate.

*Id.* at 3.

Section 3 of article III has not been amended since 1969, nor have there been any intervening judicial opinions which would call Attorney General Opinion M-349 into

question.  Furthermore, we see no basis on which to fault Attorney General Opinion M-349.

One might try to draw a distinction between "apportionment" following the decennial census and the reconfigurement of districts, *i.e.*, "districting."  The lengthy discussion in *Kilgarlin v. Martin*, 252 F. Supp. 404 (S.D. Tex. 1966), *rev'd on other grounds*, 386 U.S. 120 (1967), regarding the technical meaning of the terms "apportionment" and "districting" quoted in Attorney General Opinion M-349 might be read to support such a view:

> "Apportionment," in the technical sense, refers solely to the process of allocating legislators among several areas or political subdivisions, while "districting" entails the actual drafting of district lines.  Thus, Congress "apportions" Representatives among the states, while the states "district" by actually drawing the congressional district lines.  In Texas, the Legislature both "apportions" and "districts" as in H.B. 195.  For example, it "apportions" 19 Representatives to Harris County, and "districts" Harris County into three districts.  In keeping with common usage, however, the total process will be referred to as "apportionment" in this opinion.  See Comment, 72 Yale L.J. 968 (1963) at 970 n. 24.

*Id.* at 410 n.1.

Although some might argue that this distinction between apportionment and districting is significant with respect to article III, section 3, we believe that this distinction is attenuated in the case of the senate, which the Texas Constitution dictates must always consist of thirty-one members, *see* Tex. Const. art. III, § 2, each of whom is elected from one of thirty-one separate districts, *see id.* § 25 ("each district shall be entitled to elect one Senator").  The house of representatives, on the other hand, may consist of 93 to 150 members.  *See id.* § 2.  Thus, the legislature never really "apportions" senators to senatorial districts in the technical sense of the word but rather redraws district lines.  Put another way, if the word "apportionment" in article III, section 3 were read in its technical sense, "apportionment" of the senate would never occur.  Thus, for purposes of article III, section 3 we do not believe that there is a meaningful distinction between "apportionment" and "districting."

For the following reasons, we conclude that the passage of legislation changing two senatorial districts would constitute an apportionment under article III, section 3 of the Texas Constitution requiring the election of a new senate. In response to your second question, it follows from our affirmative answer to your first question that legislation

changing more than two senatorial districts would also constitute an "apportionment." In response to your third question, the extent of changes to senatorial districts does not affect our answer to your first and second questions. Article III, section 3 makes no distinction between an "apportionment" of senatorial districts that affects merely two districts and an "apportionment" of senatorial districts that affects all thirty-one districts.

## S U M M A R Y

The passage of legislation changing two senatorial districts would constitute an apportionment under article III, section 3 of the Texas Constitution requiring the election of a new senate.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General